# In The United States Court of Appeals
## for The Fourth Circuit

| | | |
|---|---|---|
| **DAWN MARTIN, *ET AL.*,** | ) | |
| *Plaintiffs – Appellants*, | ) | |
| | ) | |
| **v.** | ) | **Record No. 14-1644** |
| | ) | |
| **JOHANNES BRONDUM; *ET AL.*,** | ) | |
| *Defendants – Appellees*, | ) | |
| _____ | ) | |

### <u>RESPONSE TO APPELLANT DAWN V. MARTIN'S NOTICE OF SUGGESTION OF BANKRUPTCY, STAYING PROCEEDINGS, AND RESPONSE REQUESTED BY THE CLERK OF COURT</u>

Appellees, by and through undersigned counsel, hereby respectfully respond to Appellant Dawn Martin's Notice of Suggestion of Bankruptcy, Staying Proceedings (Doc. 28), and to the Response Requested (Doc. 29).

### <u>The Case as to Appellant Dawn Martin is Automatically Stayed</u>

1. Appellant Dawn Martin filed a Notice of Suggestion of Bankruptcy on November 2, 2014 (Doc. 28).

2. Appellant Dawn Martin's Notice of Suggestion of Bankruptcy cites to much case law standing for the proposition that there is no applicable exception to the requirement of 11 USC § 362 that creates an automatic stay, including where the party appealing filed for bankruptcy protection.

3. Appellees have not found any clear and applicable case law to the contrary. Therefore, Appellees do not object to the stay as to Dawn Martin.

## The Entire Appeal, and Appellant Miguel Gallardo, Should be Stayed

4.    Appellant Dawn Martin's Notice of Suggestion of Bankruptcy observes that her appeal and that of Appellant Miguel Gallardo comprise the exact same issues.  Appellant Dawn Martin asserts that "these proceedings could only continue if Ms. Martin's appeal is bifurcated from Mr. Gallardo's appeal. Bifurcation would operate against the interests of judicial economy and could result in inconsistent decisions."

5.    There is no obvious provision in 11 USC § 362 to automatically stay the case against someone who is not a debtor under the protection of the bankruptcy court.

6.    However, there are a number of considerations weighing in favor of a discretionary stay as Appellant Miguel Gallardo.  The jurisprudence of this Court allows discretion to extend an automatic stay to a non-bankrupt party in "unusual circumstances."  See A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. Va. 1986).    Appellees respectfully submit that this case presents unusual circumstances.

7.    First, the assessment of costs that Appellants seek to challenge are joint and several, making it difficult to separate on appeal.  Appellants were assessed the identical amounts by the District Court as non-prevailing parties.

8.     Second, Appellant Dawn Martin is an attorney and continues to represent Appellant Miguel Gallardo is this case.  Although stayed, she would in essence be forced to take legal positions as to herself which the bankruptcy should protect her from.  While true that Appellant Miguel Gallardo has the right to select his own counsel, and that Appellant Dawn Martin is free within certain constraints to accept representation, Appellees have no ability to control this odd posture.

9.     Third, upon information and belief as reflected in public filings available on PACER, Appellant Dawn Martin has listed Appellant Miguel Gallardo as a creditor in the bankruptcy.  While Appellant Dawn Martin has denied the existence of any conflict of interest, the posture is again odd at best.  Appellants have characterized themselves repeatedly in the record as being engaged to be married for several years, although at the moment they do not appear to have ever married.  Appellants also repeatedly state in the record that one of Appellant Gallardo's jobs is his employment as a paralegal in Appellant Dawn Martin's law practice.  Indeed, unpaid wages appears to be the basis for listing Appellant Miguel Gallardo as a creditor in the bankruptcy.  Appellant Miguel Gallardo should not go forward while being represented by a debtor.

7.     Fourth, this case is a very minor matter as to the amount of money in issue.  The amount at stake is less than $20,000 and far below what this Court deals with regularly.  A stay will not materially or adversely affect anyone.

8.     Fifth, certainly in the view of Appellees, this is a minor matter as to the substance of the case and doomed as to the merits.  This is a second appeal after Appellants lost in District Court, lost in this Court, and had their Petition for Writ denied by the Supreme Court of the United States.  There is no important issue to be addressed, nor any urgency to do so.

9.     Sixth, it is wasteful to the time and efforts of Appellees and their counsel to deal with this case on a piecemeal basis.  At minimum Appellees would have to draft two briefs instead of one, incur all of the accompanying costs, and still have uncertainty until the bankruptcy was resolved.

10.     Finally, this same inability for the Court to reach a final and binding decision as to all parties also demonstrates how moving forward just with Appellant Gallardo is contrary to judicial economy.  This Court has a high volume of cases which deserve attention and which are capable of being resolved, bringing certainty and finality to the parties and to the Court.  This case is not one of them.

WHEREFORE, for the reasons stated herein, Appellees do not object to the automatic stay applicable to Appellant Dawn Martin, nor to a stay of the entire appeal until the bankruptcy is resolved, and join the position of the Appellees as to staying Appellant Miguel Gallardo on a discretionary basis until the bankruptcy is resolved.

Respectfully submitted, this 9th day of November, 2014.

/s/ Mikhael D. Charnoff
Mikhael D. Charnoff
PERRY CHARNOFF PLLC
2300 Wilson Boulevard, Suite 240
Arlington, VA 22201
(703) 291-6650

*Counsel for Appellees*
*Long and Foster Real Estate, Inc., et al.*

Susan F. Earman
FRIEDLANDER, FRIEDLANDER
  & EARMAN, PC
1364 Beverly Road, Suite 201
McLean, VA 22101
(703) 893-9600

*Counsel for Appellee Brondum*

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on November 9, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Dawn V. Martin
LAW OFFICE OF
  DAWN V. MARTIN
1725 I Street, NW
Suite 300
Washington, DC  20006
(202) 408-7040

*Counsel for Appellants*